UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MARK S. MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-44-NCC |
| UNKNOWN WHITE, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion for leave to proceed in forma pauperis, filed by Mark S. Moore, prison registration number 990115. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Moore, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, for failure to state a claim, or on statute of limitations grounds. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that Moore has accumulated three strikes. *See Moore v. Wise*, Case No. 4:97-cv-176-ERW (E.D. Mo. Feb. 21, 1997); *Moore v. Moore*, Case No. 4:95-

cv-322-JCH (E.D. Mo. Apr. 17, 1995); *Moore v. Bosley*, Case No. 4:94-cv-937-DJS (E.D. Mo. Aug. 25, 1994).[1] Therefore, he may proceed in forma pauperis in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The allegations in the complaint arise from events that occurred in 2016, when Moore's physical complaints, including sweating, intestinal gas, belching, and loss of bowel control, were not properly addressed. There are no allegations in the complaint that would support the finding that Moore was under imminent danger of serious physical injury at the time he filed the complaint. The Court will therefore deny Moore's motion for leave to proceed in forma pauperis, and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Mark S. Moore's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.

An Order of Dismissal will be filed separately.

Dated this  1st  day of March, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that most of the dismissals occurred prior to the 1996 enactment of the Prison Litigation Reform Act, or PLRA. Pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g). The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA are to be counted in determining whether a prisoner has accumulated three strikes and therefore may no longer prosecute a claim in forma pauperis. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of the plaintiff's pre-PLRA claims in determining his number of strikes).